UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GREGORY HINES,

           Petitioner,

    v.

MICHELLE RICCI, et al.,

           Respondents.

Civil Action No. 10-4130 (DMC)

**O R D E R**

IT APPEARING THAT:

1. The Clerk of the Court received Petitioner's application for a writ of habeas corpus, executed pursuant to 28 U.S.C. § 2254 ("Petition").

2. While the Petition is rather lengthy, it is unclear from the face of the Petition whether the Petition is timely and if all Petitioner's challenges raised in the Petition were duly exhausted in all three levels of the state court.

IT IS on this 22 day of Oct, 2010,

**ORDERED** that the Clerk shall serve copies of the Petition and all documents docketed in this matter, as well as the instant Order, upon Respondents and upon the Attorney General for the State of New Jersey, by certified mail, return receipt requested, with all costs of service advanced by the United States; and it is further

**ORDERED** that Respondents shall file, electronically, a **LIMITED ANSWER to the Petition within 30 days of the entry of this Order.** At the instant juncture, Respondents'

**Limited Answer shall address solely the issues of timeliness of the Petition and due exhaustion of all Petitioner's claims stated in the Petition**; and it is further

**ORDERED** that, in the event the information provided in the Limited Answer establishes that the Petition is timely, this Court takes an opportunity to notify Petitioner of the following consequences of filing a § 2254 application under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and, pursuant to the holding of Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), gives Petitioner an opportunity to file one all-inclusive § 2254 Application.[1] Petitioner, therefore, shall file with the Clerk, within thirty days from the date of entry of this Order, a letter or other written response signed by Petitioner advising the Court how Petitioner would like to proceed, i.e., if he wishes to have the Court rule on his Petition as is or if he wishes to withdraw the instant Petition and file, instead, a timely all-inclusive Petition;[2] and it is further

---

[1] Under the AEDPA, petitioners challenging the legality of their detention pursuant to a State decision must marshal in one § 2254 Application all the arguments they have to collaterally attack that decision and, except in extremely limited circumstances, file this one all-inclusive Application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d). It is not apparent to the Court whether Petitioner intends the Application Petitioner filed to be Petitioner's one all-inclusive § 2254 Application. Therefore, Petitioner may now tell the Court how Petitioner wants to proceed by choosing one of the following options and notifying the Clerk of Petitioner's choice pursuant to the terms of this Order: (a) have Petitioner's pending § 2254 Application ruled upon as is; or (b) withdraw Petitioner's pending § 2254 Application and file one all-inclusive § 2254 Application stating all his claims as to the decision he is challenging. If Petitioner chooses option (a) above, then Petitioner will lose Petitioner's ability to file a second or successive Application under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances. If Petitioner chooses option (b) and Petitioner's original Application was filed within the one-year statute of limitations under 28 U.S.C. § 2244(c), then the statute of limitations will be tolled from the date Petitioner handed Petitioner's original application to prison officials for mailing to the Clerk of the Court until 45 days after entry of this Order. Under these circumstances, if Petitioner's original § 2254 Application was filed within the one-year limitations period, Petitioner will have this 45-day response period plus any time remaining within Petitioner's one-year statute of limitations period to draft and file Petitioner's one all-inclusive § 2254 Application.

[2] In the event Petitioner wishes to withdraw his instant Petition and file an all-inclusive petition consisting additional or different claims, the Court reminds Petitioner that all Petitioner's claims presented for habeas review must be duly exhausted with all three levels of the state court

**ORDERED** that, if Petitioner does not file, within 30 days of the entry of this Order, a signed response choosing one of the options detailed in footnote one, then the Court will rule on Petitioner's Application as it is; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular U.S. mail.

_____
Dennis M. Cavanaugh
United States District Judge

---

in the sense that Petitioner should have raised the same legal challenges and the same factual predicate with regard to each legal challenge. Alternatively, in the event Petitioner elects to proceed with his current Petition but he is aware of any claims currently included in his Petition that were not duly exhausted in the state courts, this Court expressly notifies Petitioner of his right to withdraw such unexhausted claims and proceed only with those claims included in the Petition which Petitioner duly exhausted in the state courts.